<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civ. No. 08-5298 (AET) |
| v. | : | **MEMORANDUM & ORDER** |
| SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP, et al., | : | |
| Defendants. | : | |

<u>THOMPSON</u>, U.S.D.J.

    This matter comes before the Court on the partial Motion to Dismiss [13] by Defendant SB Building Associates, L.P. ("SB Building" or "Defendant"), filed pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's second claim. The Court has decided the instant motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, the motion is denied.

BACKGROUND

<u>A.</u>    Factual Background

    Defendant SB Building owns the Algro Knitting Mills Superfund Site ("Site") in Milltown, New Jersey. The Site consists of Building 13 (approximately 38,000 square feet) and an associated loading dock located on a seven-acre tract within the former Michelin Tire industrial area. In October 2001, the Hazardous Materials Unit of Middlesex County, New

Jersey, responded to a report of a leaking drum of toluene sulfonic acid at the Site.  In October 2003, Middlesex County requested that the federal Environmental Protection Agency ("EPA") evaluate the Site for removal action eligibility pursuant to the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA").

The EPA's investigation revealed numerous containers of flammable or toxic industrial waste, some of which were leaking, bulging, or rusted.  Also, combustible debris was found near the containers.  Further, Building 13 was in disrepair and the Site was not secure from public entry.  The EPA notified SB Building of its potential CERCLA liability and asked SB Building to undertake a removal action.

On September 15, 2004, SB Building and the EPA entered into an Administrative Order of Consent ("AOC"), requiring SB Building to submit to the EPA work plans, reports, and financial assurance of its ability to perform a removal of the waste.  The AOC also stated SB Building would pay stipulated penalties to the federal government for the failure to comply with the terms of the AOC.

SB Building claims it completed all work it was required to do, pursuant to the AOC, between February 2005 and April 2005, and submitted a final report in May 2005.  SB Building admits, however, that because the company with which it contracted to remove the waste, Onyx Environmental, L.L.C. ("Onyx"), did not provide SB Building with paperwork reflecting a successful cleanup, SB Building's May 2005 final report was not submitted with the requisite accompanying documentation.  Therefore, SB Building did not submit a final report with the requisite accompanying documentation until August 22, 2008.

Plaintiff alleges that SB Building was late in complying with the requirements of the AOC in many ways, including the requirement to pay the EPA's past costs, the untimely submission of work reports and financial documentation, and the requirement to pay stipulated penalties for late submissions under the AOC, including the final report.  Additionally, Plaintiff alleges SB Building must pay interest for overdue payments of stipulated penalties.

B.   Procedural Background

On October 27, 2008, Plaintiff filed a Complaint [1] alleging violations of CERCLA, 42 U.S.C. §§ 9606(b)(1), 9607(a), and 9607(l).  The Complaint avers SB Building did not comply with the AOC by, *inter alia*, failing to timely submit a required revised work plan, failing to timely obtain the required financial assurance, failing to submit various required reports, and failing to reimburse EPA costs it agreed to pay under the AOC.  Plaintiff seeks (1) recovery of all costs incurred by the United States in connection with the Site; (2) civil penalties of up to $32,500 per day for SB Building's failure to comply with the AOC; (3) stipulated penalties and interest due under the AOC; and (4) a lien on the Site pursuant to CERCLA.

On January 26, 2009, SB Building filed its Answer [11]. On January 27, 2009, SB Building filed the instant motion [13].  On March 6, 2009, the Court, U.S.M.J. Tonianne J. Bongiovanni, issued an Order [19], dismissing the instant motion and staying discovery pending the conclusion of settlement discussions.  On May 7, 2009, the Court issued an Order [23] directing that the instant motion be refiled with the Clerk of the Court.  For the reasons stated below, SB Building's motion is denied.

DISCUSSION

A.     Dismissal Pursuant to Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must make a "showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). The Third Circuit recently articulated the Rule 8 pleading standard: the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citation omitted). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

B.     The Comprehensive Environmental Response, Compensation, and Liability Act of 1980

CERCLA, 42 U.S.C. § 9601 *et seq*. ("Section 106 of the CERCLA"), grants the President the power to order the cleanup of hazardous waste sites and hold certain private parties liable to reimburse government agencies for removal and remediation costs. 42 U.S.C. §§ 9606, 9607. CERCLA explains the statutory framework the government must follow when it determines hazardous or noxious substances have been released into the atmosphere: after proper identification of such substances, the President is authorized, after notification to the offending

party, to make abatement.  See 42 U.S.C. § 9606(a).  CERCLA goes on to explain that any person who violates CERCLA or refuses to comply with an order addressing contaminants may be fined $25,000, or more, for each day in which such violation occurs or such failure to comply continues.  See 42 U.S.C. § 9606(b).

C.   Analysis

SB Building brings the instant motion seeking dismissal of Plaintiff's second claim for relief, namely the accrual of civil penalties in amounts of $25,000, and greater, for its purported violations of the AOC.  SB Building argues that the terms of the AOC regarding stipulated penalties operate as a binding contract, and abrogate the government's right to seek civil penalties under CERCLA for violation of the AOC.  Furthermore, SB Building argues that the AOC should govern the imposition of penalties if, in fact, penalties must be assessed.  Specifically, SB Building relies on Paragraph 80 of the AOC which provides that if SB Building fails to comply with any of the material requirements or time limits set forth in the agreement, SB Building is to pay stipulated per diem penalties of $50 to $200 per violation, depending on the nature and length of the violation.

Plaintiff responds that it is not precluded from seeking civil penalties under the CERCLA because the EPA reserved its rights to seek additional legal relief, including the imposition of civil penalties in addition to those specified in the AOC.  Plaintiff, in support of this position, points to three paragraphs of the AOC.  Paragraph 83 of the AOC states, "Notwithstanding any other provision of [the AOC], failure of [SB Building] to comply with any provision of [the AOC] may subject SB Building to civil penalties of up to twenty-seven thousand five hundred

dollars ($27,500) per violation, per day, as provided in the CERCLA . . . unless such failure to comply is excused by the EPA under the [AOC's force majeure clause]." Plaintiff next directs the Court's direction to Paragraph 84 of the AOC which states "[N]othing herein shall prevent the EPA from seeking legal or equitable relief to enforce the terms of [the AOC] . . ." Finally, Plaintiff points to Paragraph 86 of the AOC, which states "Nothing in the AOC constitutes or shall be construed as a satisfaction of, or release from, any claim or cause of action against [SB Building] . . . for any liability that [SB Building] or other persons may have under CERCLA . . . including but not limited to any claims for injunctive relief, costs, damages, and interest under [relevant provisions] of the CERCLA."

 Plaintiff alleges that, despite SB Building's reliance on Paragraph 80's recitation of stipulated penalties for violations of the AOC, they retained the right to seek the maximum civil penalties available for violations under CERCLA as stated in the AOC. The Court agrees, and finds dismissal of Plaintiff's claims, at this phase of the proceedings, improper.

 The penalties sought in this action for violation of the AOC are authorized by Section 106 of the CERCLA. Furthermore, the Court finds that the plain language of Paragraphs 83 and 84 of the AOC preserve Plaintiff's right to seek civil penalties under the CERCLA. Lastly, Plaintiff has met its burden under Bell Atlantic v. Twombly and set forth sufficient facts that, if taken as true, make relief plausible, and would entitle it to relief in the form of civil penalties as authorized by the CERCLA. See generally Bell Atlantic v. Twombly, 550 U.S. 544 (2007). Similarly, Defendant has not established that Plaintiff has failed to articulate a claim entitling relief.

CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 29th day of May, 2009,

ORDERED that Defendant SB Building's Motion to Dismiss [13] is DENIED.

s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.
