UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Civil Action No. 08-5298 (AET) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION AND ORDER ON MOTION |
| | : | FOR LEAVE TO FILE A THIRD |
| **SB BUILDING ASSOCIATES,** | : | PARTY COMPLAINT |
| **LIMITED PARTNERSHIP, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter is before the Court by motion of Defendants for leave to file a Third Party Complaint, adding a new party to the case under a theory of indemnification and contribution. [Docket Entry No. 29]. Plaintiff has opposed the motion, arguing that allowing the amendment would unduly complicate the case and would prejudice Plaintiff. Plaintiff also argues that a third party action for indemnification and contribution is improper. For the reasons set forth below, the Court grants Defendants' motion.

Plaintiff filed the present action on or about October 27, 2008, seeking recovery of certain costs incurred under an Administrative Order of Consent entered into between the parties for the clean up of a site ("the Site") pursuant to CERCLA, 42 U.S.C. 9607. Plaintiff argues, in part, that Defendants failed to provide a required revised work plan in order to facilitate the Site's clean up, and various reports, in accordance with the AOC requirements. Defendants argue that they fully complied with the AOC. In their motion for leave to file a Third Party Complaint, they contend that if in fact the proper reports were not provided, the failure was the fault of the proposed third

1

party defendant, Enviro-Sciences (of Delaware), Inc. ("ESI").  According to the proposed Third Party Complaint, ESI was the Project Coordinator "responsible for overseeing the removal of hazardous substances from the Site and preparing all necessary workplans and reports in a prompt and professional manner."  [Docket Entry No. 29-2 at ¶5].  Defendants now seek to add ESI as a third party defendant, asserting claims of indemnification and contribution.

Federal Civil Procedure Rule 14(a)(1) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The defendant can file a third party complaint without further leave of court within 10 days of filing its answer.  Id.  After that, the defendant must obtain the court's leave.

"The purpose of Rule 14(a) is to avoid circuitry of action and multiplicity of litigation[,]" and the decision to permit or deny joinder of a third party is within the discretion of the court. Spencer v. Cannon Equip. Co., No. 07-2437, 2009 WL 1883929 at *2-3 (D.N.J. June 29, 2009). In determining whether to allow a third party complaint to be filed, courts consider a number of factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original party."  Id. (citing Erkins v. Case Power & Equip. Co., 164 F.R.D. 31, 32 (D.N.J. 1995), superseded on other grounds by statute, N.J.S.A. 2A:15-97; Con-Tech Sales Defined Benefit Trust v. Cockerham, 715 F. Supp. 701, 703 (E.D.Pa.1989)).

The first factor, timeliness, weighs in favor of granting the motion.  Counsel for Defendants advised of his intention to bring the additional party into the case at the June 5, 2009 conference, and asked that the discovery schedule be sufficiently extended to allow the new party

time to be brought up to speed on the issues in the case. At that time, there was discussion of the identity of the proposed third party. The Court set a schedule for the proposed pleading to be filed by June 26, 2009, by motion if there was no consent. This motion was therefore timely filed.

      The second factor requires consideration of trial delay. Plaintiff contends that allowing the filing of the third party complaint would necessarily delay the proceedings. The Court is not convinced, however, particularly given that discovery is at its infancy in this case. Thus far, the parties have engaged in motion practice and efforts to settle the dispute. By Plaintiff's own admission, discovery has yet to begin. The most recent Scheduling Order, entered June 16, 2009 [Docket Entry No. 25], provides for a bifurcated schedule, with issues of liability being addressed before discovery on damages commences. Under that Scheduling Order, the parties have until October 30, 2009, to complete discovery on liability issues. Moreover, as noted above, the Order takes into account the possibility of the addition of new parties and the time in which they may be added. Plaintiff was represented at the conference at which those very issues were discussed and agreed to the schedule.

      Whether the proposed third party complaint is likely to increase the complexity of issues at trial is the third factor to be considered. Here, Plaintiff contends that issues related to ESI's potential failures would unnecessarily complicate the trial. This is no different, however, from issues raised with regard to any third party action. As the Court noted in its recent decision in <u>Spencer</u>, "[s]uch considerations must be weighed against the alternative prospect of two separate trials and the need for attempting to coordinate, and in the end possibly consolidate, the matter for the sake of judicial economy." <u>Spencer</u>, <u>supra</u>, 2009 WL 1883929 at *4.

      The fourth and final factor is whether granting Defendants' motion to file the third party

complaint will prejudice Plaintiff. This factor also weighs in favor of granting the motion. As stated above, Plaintiff was aware of Defendants' intention to add a party to this action and their reason for doing so. This was taken into account in the Scheduling Order, which allows for an extended period of time for the parties to conduct discovery. Plaintiff should not be prejudiced by the additional party.

Plaintiff also argues that because contribution and indemnification claims arise under state law, they should be considered in a separate action. The only case cited by Plaintiff in this regard, SC Holdings, Inc. v. A.A.A. Realty Co., 935 F. Supp. 1354 (D.N.J. 1996), is inapposite. In SC Holdings, the Court was considering a contribution claim being asserted by one potentially responsible party ("PRP") in a CERCLA action against another PRP. That is not the case here. Instead, Defendants seek to assert indemnification and contribution claims against the party that they say is at fault for the failure to comply with the AOC, not another PRP. That falls squarely within Rule 14(a). See, e.g., Ford Motor Co. v. Edgewood Properties, Inc., Nos. 06-1278, 06-4266, 2007 WL 4526594 at *10 (D.N.J. Dec. 18, 2007) ("[A] third-party complaint 'must set forth a claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to the defendant/third-party plaintiff under a theory of indemnification, contribution, or some other theory of derivative liability.'") (quoting National Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp., No. 05-5945, 2006 WL 892291 at *4 (D.N.J. April 6, 2006)); see also Schwab v. Erie Lackawanna R. Co., 438 F.2d 62, 65 (3d Cir. 1971) ("[S]ince . . . third party claims arise out of the main cause of action, they are ancillary to that action, and if there is federal jurisdiction over the main action, there is jurisdiction over these ancillary claims.") (citations omitted).

Based on the foregoing, the Court finds that any potential prejudice to Plaintiff from having the action for indemnification and contribution adjudicated in this action will be minimal, compared to the benefit of avoiding a separate action on those issues. The Court will therefore allow the proposed Third Party Complaint to be filed.

Accordingly, for the reasons stated above, and the Court having considered the submissions of the parties pursuant to Fed. R. Civ. P. 78, and for good cause shown,

**IT IS** on this **31st** day of **July, 2009**,

**ORDERED** that Defendants' motion for leave to file the proposed Third Party Complaint be and it hereby is granted; and it is further

**ORDERED** that Defendants shall file the Third Party Complaint within five days of entry of this Order; and it is further

**ORDERED** that the Court will conduct a telephone status conference on October 1, 2009 at 9:30 a.m. Counsel for Plaintiff is to set up the call. Counsel for Defendants is to provide notice to any party joined after the date of this Order, so that counsel for the new party may be present and prepared to participate in the call.

s/ Lois H. Goodman
**LOIS H. GOODMAN**
**United States Magistrate Judge**