ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendants

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. 08-CV-5298 |
| v. | |
| SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP, SB BUILDING GP, L.L.C., UNITED STATES LAND RESOURCES, L.P., UNITED STATES REALTY RESOURCES, INC. | **THIRD-PARTY COMPLAINT** |
| and | |
| 7.04 ACRES OF LAND, More or Less, located within Block 58, Lot 1.03 of 2 to 130 Ford Avenue, Milltown, Middlesex County, New Jersey, | |
| Defendants. | |
| SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP, SB BUILDING GP, L.L.C., UNITED STATES LAND RESOURCES, L.P., and UNITED STATES REALTY RESORUCES, INC., | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| ENVIRO-SCIENCES (OF DELAWARE), INC., | |
| Third-Party Defendant. | |

Defendants/Third-Party Plaintiffs, S.B. Building Associates, Limited Partnership ("SB-LP"), SB Building GP, L.L.C. ("SB-GP"), United States Land Resources, L.P. ("USLR"), and United States Realty Resources, Inc. ("USRR") (collectively "Third-Party Plaintiffs"), by and through their counsel, hereby allege the following by way of third-party complaint against Enviro-Sciences (of Delaware), Inc. ("ESI"):

## NATURE OF THE ACTION

1.     The underlying action filed by Plaintiff, the United States of America, is a civil action brought under Sections 106(b)(1), 107(a) and 107(l) of the Comprehensive Environmental Response, Compensation and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606(b)(1), 9607(a) and (607(l), regarding the Algro Knitting Mills Site, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey (hereinafter, the "Site").   Plaintiff's Verified Complaint is attached hereto as Attachment 1.

2.     In the underlying action, Plaintiff alleges, among other things, that Third-Party Plaintiffs are liable for stipulated penalties and civil penalties under CERCLA for failure to comply with an administrative order on consent governing the removal of hazardous substances from the Site.

3.     The penalties sought by Plaintiff against Third-Party Plaintiffs include penalties associated with the alleged late and/or incomplete submission of a revised workplan and various reports, including a Final Report.

4.     The penalties sought by Plaintiff in connection with Third-Party Plaintiffs' alleged failure to timely submit a revised workplan and Final Report exceed $200,000.

5.      Third-Party Plaintiffs retained ESI to serve as the Project Coordinator responsible for overseeing the removal of hazardous substances from the Site and preparing all necessary workplans and reports in a prompt and professional manner.

6.      It was ESI's responsibility to ensure that the various workplans and reports submitted in connection with the removal of hazardous substances from the Site were submitted on time with all required paperwork and in accordance with all applicable laws and regulations.

7.      Through its negligent performance of its duties to Third-Party Plaintiffs, ESI has subjected Third-Party Plaintiffs to potential stipulated and civil penalties and further required Third-Party Plaintiffs to incur costs defending Plaintiff's claims in the underlying action.

<u>**JURISDICTION AND VENUE**</u>

8.      This Third-Party Complaint arises out of the same transactions and occurrences which are set forth in the Verified Complaint filed by Plaintiff, the United States of America. Assuming jurisdiction and venue are proper with respect to the Verified Complaint, they are proper with respect to the third-party claims set forth herein pursuant to 28 U.S.C. § 1367.

<u>**PARTIES**</u>

9.      Defendant/Third-Party Plaintiff SB-LP is a New Jersey limited partnership with its principal place of business at 237 South Street, P.O. Box 2049, Morristown, New Jersey.

10.      Defendant/Third-Party Plaintiff SB-GP is a New Jersey limited liability company with its principal place of business at 237 South Street, P.O. Box 2049, Morristown, New Jersey.

11.      Defendant/Third-Party Plaintiff USLR is a New Jersey limited partnership with its principal place of business at 237 South Street, P.O. Box 2049, Morristown, New Jersey.

12.      Defendant/Third-Party Plaintiff USRR is a New Jersey corporation with its principal place of business at 237 South Street, P.O. Box 2049, Morristown, New Jersey.

13.      Upon information and belief, Third-Party Defendant ESI is a corporation organized under the laws of the State of Delaware with its principal place of business and mailing address at 111 Howard Boulevard, Suite 108, Mount Arlington, NJ 07856.

## COUNT 1

### INDEMNIFICATION

14.      Third-Party Plaintiffs incorporate the allegations of paragraphs 1 through 13 above, as if they were set forth herein.

15.      If it should be determined that Third-Party Plaintiffs are liable in whole or part for any of the stipulated or civil penalties alleged by Plaintiff in the Verified Complaint, which allegations are specifically denied, then Third-Party Plaintiffs' liability for the acts and omissions permitting the imposition of such penalties is secondary and passive only. Primary and active responsibility for the alleged penalties is the result of acts and omissions of ESI, including failure to prepare and timely submit full and complete workplans and reports.

**WHEREFORE,** Third-Party Plaintiffs demand judgment against ESI for the following relief:

A.      Judgment for indemnification against ESI for all penalties imposed against Third-Party Plaintiffs in connection with the Site.

B.      Interest, cost of suit and attorneys fees incurred in connection with prosecuting and defending this action; and

C.      Such other relief as the court deems equitable and just.

## COUNT II

### STATUTORY CONTRIBUTION

16.      Third-Party Plaintiffs incorporate the allegations of paragraphs 1 through 15 above, as if they were set forth herein.

17.     If it should be determined that Third-Party Plaintiffs are liable to Plaintiffs for all or part of the stipulated and civil penalties alleged in the Verified Complaint, which allegations are specifically denied, then Third-Party Plaintiffs are entitled to contribution from ESI, pursuant to the terms and provisions of the Joint Tortfeasors Act, *N.J.S.A.* 2A:53-1, et seq., and the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, et seq., as such penalties are attributable to the negligent acts or omissions of ESI, including failure to prepare and timely submit full and complete workplans and reports.

**WHEREFORE,** Third-Party Plaintiffs demand judgment against ESI for the following relief:

A.     Contribution from ESI for all penalties imposed against Third-Party Plaintiffs in connection with the Site.

B.     Interest, cost of suit and attorneys fees incurred in connection with prosecuting and defending this action; and

C.     Such other relief as the court deems equitable and just.

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendants

BY: /s  David F. Edelstein
        CHRISTOPHER R. GIBSON
        DAVID F. EDELSTEIN

Dated:  August 7, 2009

4833293v1

5

# ATTACHMENT 1

BRIAN G. DONOHUE
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-5413

SUSAN STEELE
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey  07102
(973) 645-2920

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| SB BUILDING ASSOCIATES, LIMITED | ) | |
|    PARTNERSHIP, | ) | |
| SB BUILDING GP, L.L.C., | ) | |
| UNITED STATES LAND RESOURCES, L.P., | ) | |
| UNITED STATES REALTY RESOURCES, | ) | **VERIFIED COMPLAINT** |
|    INC., | ) | |
| | ) | |
|    and | ) | |
| | ) | |
| 7.04 ACRES OF LAND, More or Less, | ) | |
| located within Block 58, Lot 1.03 of | ) | |
| 2 to 130 Ford Avenue, Milltown, | ) | |
| Middlesex County, New Jersey, | ) | |
| | ) | |
|    Defendants. | ) | |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Regional Administrator of the United States Environmental Protection Agency ("EPA") for Region II, files this complaint and alleges as follows:

## NATURE OF THE ACTION

1.     This is a civil action brought under Sections 106(b)(1), 107(a) and 107(*l*) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606(b)(1), 9607(a) and 107(*l*), regarding the Algro Knitting Mills Superfund Site, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey (hereinafter, the "Site"). Plaintiff the United States seeks:

(a) recovery against Defendant SB Building Associates, Limited Partnership ("SB-LP"), SB Building GP, L.L.C. ("SB-GP"), United States Land Resources, L.P. ("Land Resources"), and United States Realty Resources, Inc. ("Realty Resources"), for response costs incurred by the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), in connection with the release or threatened release of hazardous substances at or from the Site;

(b) enforcement of an administrative order on consent against SB-LP, SB-GP, Land Resources and Realty Resources, including the imposition of stipulated and civil penalties, against them for the failure to comply therewith; and,

-2-

(c) recovery in rem of all costs constituting the lien of the United States pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*) ("CERCLA lien"), against Defendant 7.04 Acres of Land, More or Less, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey ("7.04 Acres of Land").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action and over SB-LP, SB-GP, Land Resources and Realty Resources under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

3.      This Court has jurisdiction in rem over 7.04 Acres of Land pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), 28 U.S.C. § 1655, and Federal Rule of Civil Procedure 4(n).

4.      Venue is proper in this judicial district for the claims against SB-LP, SB-GP, Land Resources and Realty Resources pursuant to 28 U.S.C. §§ 1391(b) and 1395, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district; SB-LP, SB-GP, Land Resources and Realty Resources reside in this district; and the Site is located in this district.

5.      Venue is proper in this judicial district for the in rem claim against 7.04 Acres of Land pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), and 28

-3-

U.S.C. § 1391(b), because 7.04 Acres of Land is located, and the removal action at the Site occurred, in this district.

DEFENDANTS

6.      Defendant SB-LP is a New Jersey limited partnership with its principal place of business and mailing address at 237 South Street, P.O. Box 2049, Morristown, New Jersey, and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7.      SB-LP is the owner of the Site, including 7.04 Acres of Land.

8.      Defendant SB-GP is a New Jersey limited partnership with its principal place of business and mailing address at 237 South Street, P.O. Box 2049, Morristown, New Jersey, and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). SB-GP at relevant times was a general partner of SB-LP, and is therefore, liable for the obligations of SB-LP.

9.      Defendant Land Resources is a New Jersey limited partnership with its principal place of business and mailing address at 237 South Street, P.O. Box 2049, Morristown, New Jersey, and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Land Resources at relevant times was also a general partner of SB-LP, and is therefore, liable for the obligations of SB-LP.

10.     Defendant Realty Resources is a New Jersey limited corporation with its principal place of business and mailing address at 237 South Street, P.O. Box 2049,

-4-

Morristown, New Jersey, and is a "person" within the meaning of Section 101(21) of

CERCLA, 42 U.S.C. § 9601(21).  Realty Resources at relevant times was a general

partner of Land Resources, and is, therefore, liable for the obligations of both SB-LP and

Land Resources.

      11.    Defendant 7.04 Acres of Land is described more particularly in the tax rolls

of the Borough of Milltown/Middlesex County, and is described further in a deed from

Algro Knitting Mills, Inc., to SB-LP as recorded in the office of the Clerk of Middlesex

County in deed book 3576, beginning at page 191, as follows:

> All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Milltown County of Middlesex State of New Jersey:
>
> BEGINNING at a point in the centerline of Clay Street (a 50' wide right of way) said point being distant therein 84.00 feet, as measured southeasterly along said centerline from the point formed by the intersection of the same with the southeasterly line of Ford Avenue (a 75' wide right of way), said point being the same beginning point as recited in a deed from AG Realty Corp., to Algro Knitting Mill, Inc. as recorded in the office of the Clerk of Middlesex County in deed book 1374, beginning at page 132.  And from said beginning point running thence;
>
> 1)    Along the centerline of Clay Street and the continuation thereof, South 40 degrees 14 minutes 30 seconds East, a total distance of 277.57 feet to a point, thence;
>
> 2)    South 49 degrees 45 minutes 30 seconds West, a distance of 961.36 feet (along the northwesterly line of lot 1-B) to a point and corner of tax lot 1-G (said point being also the terminus of an unimproved road known as Brook Drive - a 60' right of way), thence;
>
> 3)    Along said lot 1-G, North 40 degrees 14 minutes 30 seconds West, a distance of 399.07 feet to a point formed by the intersection of a

-5-

continuation of said lot line with the centerline of Ford Avenue (or its extension thereof), thence;

4)   Along said centerline North 49 degrees 14 minutes 30 seconds East, a distance of 436.36 feet to a point in the present terminus of Ford Avenue, thence;

5)   Along said terminal line and also along the southwesterly line of tax lot 10, South 40 degrees 14 minutes 30 seconds East, a distance of 162.50 feet to a point, thence;

6)   Along the rear of lots 10, 9, 8, 7, 6, and 5-B, North 49 degrees 45 minutes 30 seconds East, a distance of 261.48 feet to a point, thence;

7)   Still along lot 5-B, North 40 degrees 14 minutes 20 seconds West, a distance of 41.00 feet to a point, thence;

8)   Along the remainder of lot 5-B, lots 4, 3, 2, 1 and into Clay Street, North 49 degrees 45 minutes 30 seconds East, a distance of 263.52 feet to the point and place of BEGINNING.

The above description is drawn in accordance with a survey made by BZA Consultants dated 12/2/86.

Being all of the remaining lands of the grantor acquired by the following deeds:

(A)   Deed from A. G. Realty Corporation, a corporation of the State of New Jersey, to Algro Knitting Mills, Inc., a corporation of the State of New Jersey, dated December 26, 1947, recorded January 5, 1948 in deed book 1374 page 132. (Covers Lot 1C, Block 58 and other lands)

(B)   Deed from Spier Realty Corp., a New Jersey corporation, to Algro Knitting Mills, Inc., a New Jersey Corporation dated April 11, 1967, recorded April 12, 1967 in deed book 2577 page 222. (Covers portion of Lot 1C and other lands)

(C)   Deed from Alexander Grodnick, Dorothy Grodnick and Martin R. Grodnick, Trustees, in Liquidation of A. G. Realty Corporation, a

New Jersey corporation, to Algro Knitting Mills, Inc., a New Jersey corporation, dated August 23, 1968, recorded August 29, 1968 in deed book 2632 page 775. (Covers Lot 5A, Block 59A).

## THE STATUTORY SCHEME

12.     CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

13.     Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

14.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a):

[W]hen the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest and the equities of the case may require. The President may also, after notice to the

affected State, take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and welfare and the environment.

15.    For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

16.    Under Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(b)(1):

Any person who, without sufficient cause, willfully violates, or fails or refuses to comply with, any order of the President under subsection (a) of this section may, in an action brought in the appropriate United States district court to enforce such order, be fined not more than $25,000 for each day in which such violation occurs or such failure to comply continues.

17.    Pursuant to the Debt Collection Improvement Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 ("DCIA"), the maximum civil penalty for noncompliance with an administrative order occurring after March 15, 2004, is $32,500.

18.    Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a):

(1)    [T]he owner . . . of a . . . facility, [and]

(2)    any person who at the time of disposal of any hazardous substances owned . . . any facility at which such hazardous substances were disposed of . . .

shall be liable for --

(A)  all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan . . .

-8-

The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) . . .

19.    Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), provides in pertinent part:

    (1)    In general

All costs and damages for which a person is liable to the United States under subsection (a) of this section . . . shall constitute a lien in favor of the United States upon all real property and rights to such property which --

        (A)    belong to such person; and

        (B)    are subject to or affected by a removal or remedial action.

    (2)    Duration

The lien imposed by this subsection shall arise at the later of the following:

        (A)    The time costs are first incurred by the United States with respect to a response action under this chapter.

        (B)    The time that the person referred to in paragraph (1) is provided (by certified or registered mail) written notice of potential liability.

Such lien shall continue until the liability for the costs (or a judgment against the person arising out of such liability) is satisfied or becomes unenforceable through operation of the statute of limitations provided in section § 9613 of this title.

    (4)    Action in rem

The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred.

## GENERAL ALLEGATIONS

20.    To address the release or threatened release of hazardous substances at the Site, EPA has conducted response activities in connection with the Site, pursuant to CERCLA Section 104, 42 U.S.C. § 9604.

21.    The Site is located within an area of mixed commercial and residential use, and includes structures, Building 13 and Building 13A, a loading dock to Building 13. Buildings 13 and 13A are currently vacant.

22.    SB-LP has been the owner of the Site since December 1986.

23.    In October 2001, the Middlesex County Hazardous Materials Unit ("Unit") responded to a leaking drum marked as toluene sulfonic acid inside Building 13. The Unit overpacked the leaking drum and consolidated other drums and containers into various areas of the building.

24.    Thereafter, in April 2004, EPA conducted a removal site evaluation. During the evaluation, EPA found numerous 55 gallon drums and approximately 200 smaller containers containing industrial and paint-related wastes in Building 13.

25.    The containers and drums contained liquids, pesticides and paint wastes containing, inter alia, heavy metals such as chromium, lead and mercury, in concentrations exceeding the toxicity characteristic, ignitability and/or corrosivity specified pursuant to the Resource Conservation and Recovery Act, 42 U.S.C. § 9601, et seq. The containers also revealed the presence of elevated organic vapor concentrations.

concentrations.  Several of the drums were leaking onto the floor, and some were bulging and/or badly rusted.  Significant quantities of combustible wooden pallets, crates and refuse were found piled around the containers.

26.     In addition, the condition of Building 13 was in disrepair.  For example, the wooden roof was leaking and badly sagging, exposing the containers and their contents to the elements.  The building did not have a working sprinkler system, exacerbating the threat of fire from the ignitable liquids and combustible wooden debris.  Moreover, Building 13 was not safely secured.

27.     Effective September 15, 2004, SB-LP and EPA entered into an administrative order on consent pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, in In the Matter of the Algro Knitting Mills Superfund Site, Index Number CERCLA-02-2004-2022 (hereinafter, the "AOC"), wherein SB-LP agreed, inter alia, to:  provide Site security; segregate hazardous materials; sample the contents of drums and containers; repack all deteriorated drums and containers; and ship the materials off-site for disposal/treatment.  Pursuant to the AOC, SB-LP also agreed, among other things, to: timely submit work plan(s) and interim and final report(s); timely submit financial assurance of its ability to perform the removal action; and, timely reimburse certain EPA costs.

28.     In addition, SB-LP also agreed to pay specified stipulated penalties for its failure to comply with provisions of the AOC, as well as pay interest on late

-11-

reimbursement payments due EPA under the AOC. EPA retained its right to obtain, in addition, civil penalties under Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(b)(1), for failure to comply with the AOC.

29.    SB-LP failed to comply with the AOC in at least the following ways: it failed to timely submit a required revised work plan in order to allow work to begin at the Site; it failed to timely obtain the required financial assurance; it failed to timely submit various reports, including the final report after completion of the removal action; and, it failed to reimburse EPA the costs SB-LP agreed to pay in the AOC.

30.    On December 14, 2006, and pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. 9607(*l*), EPA recorded a "Notice of Federal Lien" in the Clerk's Office of the County of Middlesex, New Jersey. Prior notice of EPA's intent to file the lien, and the opportunity to confer with EPA prior to its filing, were provided to SB-LP on November 7, 2006.

31.    The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

32.    At times relevant to this action, there were "releases" or threats of releases of hazardous substances into the environment at or from the Site within the meaning of Sections 101(22), and 107(a) of CERCLA, 42 U.S.C. § 9601(22) and 9607(a).

33.    The substances found at the Site as aforesaid were and are "hazardous substances" within the meaning of Sections 101(14) and 107(a) of CERCLA, 42 U.S.C.

§ 9601(14) and 9607(a).

34.     EPA's actions with respect to the Site constitute "response" actions within

the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

35.     In undertaking response actions to address the release or threat of release of

hazardous substances at the Site, EPA has incurred response costs of at least $213,000,

plus interest, and continues to incur such costs.

36.     The response costs incurred by EPA in connection with the Site were

incurred in a manner not inconsistent with the National Contingency Plan, promulgated

pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part

300.

37.     The United States has not been reimbursed for any of the response costs the

United States incurred at the Site despite its demands and requests to SB-LP therefor.

FIRST CLAIM FOR RELIEF:  REIMBURSEMENT OF RESPONSE COSTS

38.     Paragraphs 1 - 37, above, are realleged and incorporated herein by

reference.

39.     Pursuant to Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. § 9607(a)(1)

and (2), as the current owner of the facility subject to the response actions undertaken at

the Site, as well as the owner of the facility at the time hazardous substances were

disposed of there, Defendants SB-LP is jointly and severally liable to the United States

for all costs incurred in connection with the Site, including enforcement costs

40.    Defendants SB-GP, Land Resources and Realty Resources, as general partners of SB-LP and/or Land Resources, as aforesaid, are likewise jointly and severally liable for the obligations of SB-LP and/or Land Resources.

### SECOND CLAIM FOR RELIEF:  CIVIL PENALTIES

41.    Paragraphs 1 - 40, above, are realleged and incorporated herein by reference.

42.    Pursuant to Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(1), and the DCIA, Defendant SB-LP is liable, jointly and severally, to the United States for a civil penalty of up to $32,500 per day for its failure to comply with the AOC.

43.    Defendants SB-GP, Land Resources and Realty Resources, as general partners of SB-LP and/or Land Resources, as aforesaid, are likewise jointly and severally liable for the obligations of SB-LP and/or Land Resources.

### THIRD CLAIM FOR RELIEF:  STIPULATED PENALTIES/INTEREST

44.    Paragraphs 1 - 43, above, are realleged and incorporated herein by reference.

45.    Defendant SB-LP is liable, jointly and severally, to the United States for all stipulated penalties and interest due and owing under the AOC for each of its failures to comply therewith.

46.    Defendants SB-GP, Land Resources and Realty Resources, as general

-14-

partners of SB-LP and/or Land Resources, as aforesaid, are likewise jointly and severally liable for the obligations of SB-LP and/or Land Resources.

<u>FOURTH CLAIM FOR RELIEF:  IN REM</u>

47.   Paragraphs 1 - 37, above, are realleged and incorporated herein by reference.

48.   Pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), the costs incurred by the United States in this matter constitute a CERCLA lien upon the real property which is subject to or affected by the response actions taken by EPA with respect to the Site, including 7.04 Acres of Land.

49.   A notice of CERCLA lien has been properly recorded by EPA pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), with respect to 7.04 Acres of Land.

50.   Pursuant to Section 107(*l*)(2) of CERCLA, 42 U.S.C. § 9607(*l*)(2), the lien will continue until liability for the United States' unreimbursed response costs incurred in connection with the Site is satisfied.

51.   Pursuant to Section 107(*l*)(4) of CERCLA, 42 U.S.C. § 9607(*l*)(4), the costs constituting the lien may be recovered in an action <u>in rem</u> before this Court.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, United States of America, prays that this Court:

1.   Order Defendants SB-LP, SB-GP, Land Resources and Realty Resources, jointly and severally, to reimburse the United States for all costs of response actions taken

at the Site, including all enforcement actions and interest, pursuant to Section 107(a) of

CERCLA, 42 U.S.C. § 9607(a);

      2.      Order Defendants SB-LP, SB-LP, Land Resources and Realty Resources to

pay, jointly and severally, a civil penalty of up to $32,500 per day for each day it

failed/fails to comply with the AOC;

      3.      Order Defendants SB-LP, SB-LP, Land Resources and Realty Resources to

pay, jointly and severally, all stipulated penalties, including interest, due and owing for its

failure to comply with the AOC;

      4.      Order that Defendant 7.04 Acres of Land be sold and that the proceeds from

such sale be paid to the United States in reimbursement of response costs;

      5.      Award the United States its costs of this litigation; and,

6.     Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ELLEN MAHAN
Deputy Chief
Environmental Enforcement Section

Dated: October 27, 2008          s/ Brian G. Donohue
BRIAN G. DONOHUE
Senior Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-5413

CHRISTOPHER J. CHRISTIE
United States Attorney
District of New Jersey

SUSAN STEELE
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2920

-17-

OF COUNSEL:

LEENA RAUT
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1866
(212) 637-3122

## VERIFICATION OF COMPLAINT

I, THOMAS BUDROE, am employed by the United States Environmental
Protection Agency as an On Scene Coordinator. I have been responsible for the EPA's
response actions at the Algro Knitting Mills Superfund Site which is the subject of this
Verified Complaint. I have reviewed EPA's enforcement files and also have personal
knowledge pertaining to certain of the facts addressed herein. I swear under pains of
perjury that the allegations set forth above are true and accurate to the best of my
knowledge.

Date: _October, 20, 2008_          _[signature]_
                                   THOMAS BUDROE
                                   On-Scene Coordinator
                                   Emergency and Remedial Response Division
                                   U.S. Environmental Protection Agency
                                   2890 Woodbridge Avenue
                                   Edison, New Jersey 08837-3679
                                   (732) 906-6191

18