UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,                              )
                                                        )
                    Plaintiff,                          )
          v.                                            )
                                                        )
SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP,            )
SB BUILDING GP, L.L.C., UNITED STATES LAND              )
RESOURCES, L.P., UNITED STATES REALTY                   )
RESOURCES INC.,                                         )
                                                        )          Civil Action No. 3:08-CV-5298 (AET/LHG)
          and                                           )          CONSENT DECREE
                                                        )
7.04 ACRES OF LAND, More or Less, located within        )
Block 58, Lot 1.03 of 2 to 130 Ford Avenue, Milltown,   )
Middlesex County, New Jersey,                           )
                                                        )
                    Defendants.                         )
_____        )
SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP,            )
SB BUILDING GP, L.L.C., UNITED STATES LAND              )
RESOURCES, L.P., UNITED STATES REALTY                   )
RESOURCES INC.,                                         )
                                                        )
                    Defendants/Third-Party Plaintiffs,  )
          v.                                            )
                                                        )
ENVIRO-SCIENCES (OF DELAWARE), INC.                     )
                                                        )
                    Third-Party Defendants.             )
_____        )
ENVIRO-SCIENCES (OF DELAWARE), INC.,                    )
                    Fourth-Party Plaintiff,             )
          v.                                            )
                                                        )
ONYX ENVIRONMENTAL SERVICES, L.L.C.,                    )
VEOLIA ES TECHNICAL SOLUTIONS, L.L.C., and              )
JOHN DOE 1-10, said names being fictitious,             )
                                                        )
                    Fourth-Party Defendants.            )
_____        )

RECEIVED

JUN 23 2011

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## TABLE OF CONTENTS

I.        BACKGROUND ....................................................................................1

II.       JURISDICTION ....................................................................................1

III.      PARTIES BOUND ................................................................................2

IV.       DEFINITIONS ......................................................................................2

V.        PAYMENT OF PAST RESPONSE COSTS AND PENALTY ............................4

VI.       FAILURE TO COMPLY WITH CONSENT DECREE .......................................5

VII.      POTENTIAL SETTLEMENT(S) WITH THIRD-PARTY AND
          FOURTH-PARTY DEFENDANTS ..........................................................8

VIII.     COVENANTS BY PLAINTIFF ...............................................................8

IX        RESERVATIONS OF RIGHTS BY UNITED STATES........................................9

X.        COVENANTS BY SETTLING DEFENDANTS ...........................................10

XI.       EFFECT OF SETTLEMENT/CONTRIBUTION ..............................................11

XII.      ACCESS ..............................................................................................12

XIII.     ACCESS TO INFORMATION ..............................................................13

XIV.      RETENTION OF RECORDS  .................................................................13

XV.       NOTICES AND SUBMISSIONS  ..........................................................15

XVI.      RETENTION OF JURISDICTION ..........................................................16

XVII.     INTEGRATION / APPENDICES ............................................................16

XVIII.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT  .......................16

XIX.      SIGNATORIES / SERVICE ..................................................................16

XX.       FINAL JUDGMENT  ...........................................................................17

i

## CONSENT DECREE

## I. BACKGROUND

A. The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended ("CERCLA"), seeking enforcement of an administrative order on consent including the imposition of stipulated and civil penalties, and reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Algro Knitting Mills Site in Milltown, Middlesex County, New Jersey ("the Site"), located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey.

B. The defendants thereafter filed a third-Party action against Enviro-Sciences (of Delaware), Inc. ("Third-Party Defendant"), who in turn filed a fourth-party action against Onyx Environmental Services, L.L.C., Veolia ES Technical Solutions, L.L.C, and John Doe 1-10 ("Fourth-Party Defendants"). The defendants thereafter amended their complaint to include claims against the Fourth-Party Defendants as well.

C. The United States and Defendants SB Building Associates, Limited Partnership, SB Building GP, L.L.C., United States Land Resources, L.P., and United States Realty Resources, Inc., and 7.04 Acres of Land, More or Less, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey ("Settling Defendants") (collectively, the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

2. Settling Defendants do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

### III. **PARTIES BOUND**

3.  This Consent Decree is binding upon the United States, upon Settling Defendants and their successors and assigns, upon the Guarantor, Lawrence S. Berger, as to the guaranty, the judgment lien certification at Paragraph 15.c., and the provisions of Section XIX (Signatories/Service) only, and upon the Judgment Lien Guarantor, SB Milltown Industrial Holdings, L.L.C. as to Paragraph 15 and the provisions of Section XIX (Signatories/Service) only.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

### IV. **DEFINITIONS**

4.  Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.  "Algro Knitting Mills Superfund Site CERCLA Lien" shall mean the Notice of Federal Lien filed by EPA against Block 58/59A Lot No: 1c/5a of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey (currently known as "Block 58 Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey") on December 14, 2006 in the Middlesex County Clerk's office and recorded in Mortgage Book 12039 at pages 0529-0533.

b.  "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

c.  "Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

d.  "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

e.  "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

f.  "Effective Date" shall be the date upon which this Consent Decree is entered by the Court as recorded on the Court docket, or, if the Court instead issues an order approving the Consent Decree, the date such order is recorded on the Court docket.

g.  "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

2

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Guaranty" shall mean the payment of Past Response Costs, penalties pursuant to Paragraph 5 of this Consent Decree, Interest pursuant to Paragraph 8 of this Consent Decree, an accelerated payment pursuant to Paragraph 9 of this Consent Decree, and stipulated penalties pursuant to Paragraph 10 of this Consent Decree by the Guarantor in the event that Settling Defendants default on any payment and/or penalty obligations.

j. "Interest" shall mean an interest rate of 3% from the Effective Date.

k. "Judgment Lien Guarantor" shall mean SB Milltown Industrial Holdings, L.L.C., the owner of the property located at Block 58, Lot 1.02 in Milltown, Middlesex County, New Jersey.

l. "Owner Settling Defendant" shall mean SB Building Associates, Limited Partnership or its successors or assigns.

m. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

n. "Parties" shall mean the United States and Settling Defendants.

o. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has incurred and/or paid at or in connection with the Site through May 11, 2011, plus accrued Interest on all such costs through such date.

p. "Plaintiff" shall mean the United States.

q. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

r. "Settling Defendants" shall mean SB Building Associates, Limited Partnership, SB Building GP, L.L.C., United States Land Resources, L.P., and United States Realty Resources, Inc., and 7.04 Acres of Land, More or Less, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey.

s. "Site" shall mean the Algro Knitting Mills Superfund site, encompassing approximately 7.04 acres, located within Block 58, Lot 1.03 at 2 through 130 Ford Avenue in Milltown, Middlesex County, New Jersey.

t. "United States" shall mean the United States of America, including its departments agencies and instrumentalities.

3

## V.  PAYMENT OF PAST RESPONSE COSTS AND PENALTY

5.  Payment of Past Response Costs and Penalty to EPA.  The Settling Defendants shall pay a total of $300,000 over eighteen (18) months in six installments, with Interest, as described in the payment schedule attached hereto as Appendix 1, for Past Response Costs and penalties pursuant to an Administrative Order on Consent, In the Matter of the Algro Knitting Mills Superfund Site, Index Number CERCLA-02-2004-2022 ("hereinafter, the AOC").  Provided, however, in the event of a defaulted payment by the Settling Defendants, the payment schedule provided in Appendix 1 will no longer be operative and the provisions of Section VI (Failure to Comply with Consent Decree) of this Consent Decree concerning defaulted payments shall apply.  Settling Defendants may pay any installment payment prior to the due date, but must contact the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of New Jersey in advance for a determination regarding the amount of Interest to be included with the payment.  In the event any installment payment includes an overpayment, the amount of the overpayment shall be applied to the remaining principal.

6. Payment by Settling Defendants shall be made at https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the District of New Jersey after the Effective Date.  The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The FLU shall provide the payment instructions to:

> Lawrence S. Berger
> Berger and Bornstein
> 237 South Street, P.O. Box 2049
> Morristown, NJ  07962-2049

on behalf of Settling Defendants.  Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change in accordance with Section XII (Notices and Submissions).

> By regular mail to:
> U.S. Department of Justice
> Nationwide Central Intake Facility
> P.O. Box 70932
> Charlotte, NC 28272-0932

> Or by overnight mail to:
> QLP Wholesale Lockbox - D1113-022
> Lockbox #70932
> 1525 West WT Harris Blvd.
> Charlotte, NC 28262

7. Within one week of any payment made under this consent decree, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions), and to the EPA Cincinnati Finance Office. The notice shall be sent by letter or email, and shall reference the date of the payment, the payment amount, the name of the Site, the CDCS Number, Site/Spill ID Number 02-UR, and DOJ case number 90-11-3-09425, to:

> Attention: Finance
> United States Environmental Protection Agency
> 26 Martin Luther King Drive
> MS: NWD
> Cincinnati, Ohio 45268
> e-mail (to both): rice.richard@epa.gov and acctsreceivable.cinwd@epa.gov

## VI. <u>FAILURE TO COMPLY WITH CONSENT DECREE</u>

8. <u>Interest on Late Payments</u>. If the Settling Defendants fail to make any payment under Paragraph 5 (Payment of Past Response Costs and Penalty to EPA) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. <u>Accelerated Payment</u>. If the Settling Defendants fail to make any payment required by Paragraph 5 by the required due date, the amount of $350,000, plus all accrued Interest (less payments already made) shall become due immediately upon such failure. Interest shall continue to accrue on any unpaid amounts until the total amount due has been received. The Settling Defendants shall be liable for such amount regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment. All payments to the United States under this Paragraph shall be made by Fedwire Electronic Funds Transfer as described in Paragraphs 6 and 7.

10. <u>Stipulated Penalties</u>.

a. If any amounts due under Paragraph 5 are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the accelerated payment required by Paragraph 9 and Interest required by Paragraph 8, $750 per violation per day that such payment is late for days 1-30, $1,000 per violation per day that such payment is late for days 31-60, and $1,500 per violation per day that such payment is late for days 61 and beyond.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the stipulated penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33

33 Liberty Street
New York NY 10045
Field Tag 4200 of the Fedwire message should read "D 68010727 Environmental
Protection Agency"

and shall reference the CDCS Number, Site/Spill ID Number 02-UR, and DOJ Case Number 90-11-3-09425.

c.  At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions), and to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 02-UR, and DOJ Case Number DJ# 90-11-3-09425.

d.  Stipulated penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand.  All stipulated penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  If, in the event that the accelerated payment required by Paragraph 9 becomes due, and Settling Defendants pay the accelerated payment amount plus Interest within 30 days of it becoming due, the United States will waive any stipulated penalties accrued between the accelerated payment due date and the date of payment.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

13. The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several.  In the event of the failure of any one or more Settling Defendants to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

14. Guaranty. Lawrence S. Berger (or "the Guarantor"), as guarantor, hereby guarantees payment of all payment and/or penalty obligations in Paragraph 5 (Payment of Past Response Costs and Penalty to EPA), Paragraph 8 (Interest on Late Payments), Paragraph 9 (Accelerated Payment), and Paragraph 10 (Stipulated Penalties) on behalf of Settling Defendants.  This is a

continuing Guaranty and shall remain in full force and effect until all payments required under Paragraph 5 (Payment of Past Response Costs and Penalty to EPA), Paragraph 8 (Interest on Late Payments), Paragraph 9 (Accelerated Payment), and Paragraph 10 (Stipulated Penalties) have been fully paid.  Lawrence S. Berger, by his signature below, agrees to jurisdiction of this Court only for purposes of enforcing his Guaranty pursuant to this Consent Decree, the judgment lien certification at Paragraph 15.c., and the provisions of Section XIX (Signatories/Service) only.  In the event of a defaulted payment pursuant to Paragraph 5 (Payment of Past Response Costs and Penalty to EPA) of this Consent Decree, the United States shall be entitled to immediately pursue its rights to enforce this Guaranty in any appropriate legal forum and Lawrence S. Berger and Settling Defendants agree not to challenge the United States' enforcement of this Guaranty.  The United States shall not enforce this Guaranty for purposes beyond those established by this Consent Decree.

15. Judgment Lien.

a.  As security for this settlement agreement and pursuant to the Order of this Court entering this Consent Decree, the United States is entitled to a judgment lien in the amount of $350,000 against the property located at Block 58, Lot 1.02 in Milltown, Middlesex County, New Jersey, owned by the Judgment Lien Guarantor SB Milltown Industrial Holdings, L.L.C. ("Judgment Lien").  The Judgment Lien is attached hereto as Appendix 2.  If Settling Defendants and the Guarantor fail to fully satisfy any payment and/or penalty obligation in Paragraph 5 (Payment of Past Response Costs and Penalty to EPA), Paragraph 8 (Interest on Late Payments), Paragraph 9 (Accelerated Payment), and Paragraph 10 (Stipulated Penalties) when said obligation becomes due, the United States at its sole discretion and pursuant to a Consent Decree in United States v. Alsol Corporation et al., 2:09-cv-03026 in the United States District Court for the District of New Jersey ("Alsol Decree"), between and among the United States, Alsol Corporation, Lawrence S. Berger, SB Building Associates, Limited Partnership, SB Building GP, L.L.C., United States Land Resources, L.P., United States Realty Resources, Inc., and SB Milltown Industrial Holdings, L.L.C. as Judgment Lien Guarantor, may seek to enforce the Judgment Lien in any appropriate legal forum.  Should the United States enforce the Judgment Lien, resulting in the sale of the property located at Block 58, Lot 1.02, the Settling Defendants, Lawrence S. Berger, SB Milltown Industrial Holdings, L.L.C., and/or any entity or individual who exerts a controlling interest over Settling Defendants and/or SB Milltown Industrial Holdings, L.L.C. agrees not to challenge the United States' filing and/or enforcement of said Judgment Lien.  The United States shall not enforce this Judgment Lien for purposes beyond those established by this Consent Decree.  The United States may elect to pursue its rights under Paragraphs 14 and 15, either separately or simultaneously.  In the event of a defaulted payment pursuant to Paragraph 5 (Payment of Past Response Costs and Penalty to EPA) of this Consent Decree, the United States shall be entitled to immediately pursue its rights to enforce this Judgment Lien.

b.  In the event that the United States enforces the Judgment Lien and the Settling Defendants, Alsol Corporation, Lawrence S. Berger, and/or SB Milltown Industrial Holdings, L.L.C. have ongoing obligations under the Alsol Decree, any amount of funds available after the sale of Block 58, Lot 1.02 over and above the amounts owed in this matter, up to $295,000 plus interest (the liquidated damages amount from the Alsol Decree), shall be set aside in a Court

Registry Investment System ("CRIS") account for the benefit of the United States under the Alsol Decree. If such funds in the CRIS account are not used to satisfy the payment obligations under the Alsol Decree, such funds will be released to the Judgment Lien Guarantor following satisfaction of all obligations under the Alsol Decree.

    c. The Settling Defendants, Judgment Lien Guarantor, and Lawrence S. Berger certify that from August 3, 2010 until the time that the Judgment Lien attached as Appendix 2 is filed in the appropriate New Jersey deed or public record office, they have not further encumbered and will not further encumber the property located at Block 58, Lot 1.02 in Milltown, Middlesex County, New Jersey.

    d. If Settling Defendants have made all payments required by Paragraph 5 (Payment of Past Response Costs and Penalty to EPA), Paragraph 8 (Interest on Late Payments), Paragraph 9 (Accelerated Payment), and Paragraph 10 (Stipulated Penalties), the United States shall, within 60 days of receipt of the final payment, file a Release of the Judgment Lien in a form acceptable for filing in the Middlesex County Clerk's office in Middlesex County New Jersey.

    16. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section V or from performance of any other requirements of this Consent Decree.

    17. Settling Defendants, the Guarantor, and/or the Judgment Lien Guarantor shall not deduct any penalties paid under this Consent Decree pursuant to Paragraph 5 (Payment of Past Response Costs and Penalty to EPA), Paragraph 8 (Interest on Late Payments), Paragraph 9 (Accelerated Payment), and Paragraph 10 (Stipulated Penalties) in calculating their federal income tax.

## VII. POTENTIAL SETTLEMENT(S) WITH THIRD-PARTY AND FOURTH-PARTY DEFENDANTS

    18. If Settling Defendants and/or Lawrence S. Berger reach a monetary settlement agreement with the Third-Party Defendants and/or the Fourth-Party Defendants prior to the expiration of this Consent Decree, all net proceeds after Settling Defendants have paid legal fees and expert costs will be expeditiously paid to the United States pursuant to Paragraph 5 (Payment of Past Response Costs and Penalty to EPA) and Paragraph 6 as a credit against the next scheduled payment(s).

## VIII. COVENANTS BY PLAINTIFF

    19. Covenants for Settling Defendants by United States. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106(b) and 107(a) of CERCLA, 42 U.S.C. §§ 9606(b) and 9607(a), to recover Past Response Costs or the penalties

sought in the Complaint.  This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 5 (Payment of Past Response Costs and Penalty to EPA) and any Interest, accelerated payment, or stipulated penalties due thereon under Sections V (Payment of Past Response Costs and Penalty) or VI (Failure to Comply with Consent Decree).  In addition, the Algro Knitting Mills Superfund Site CERCLA Lien will remain in full force and effect and be enforceable until such time as EPA receives all payments required by Section V, Paragraph 5 (Payment of Past Response Costs and Penalty to EPA) and any Interest, accelerated payment, or stipulated penalties due thereon under Sections V (Payment of Past Response Costs and Penalty) or VI (Failure to Comply with Consent Decree).  If Settling Defendants have made all payments required by Sections V and VI, EPA shall, within 45 days of receipt of the final payment, file a Release of Notice of Federal Lien in a form acceptable for filing in the Middlesex County Clerk's office in Middlesex County New Jersey.  The Release of Notice of Federal Lien shall release the Notice of Federal Lien recorded on December 14, 2006 in Mortgage Book 12039 at pages 0529-0533.  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendants and does not extend to any other person.

## IX.  RESERVATIONS OF RIGHTS BY UNITED STATES

20.  The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within the Covenants by Plaintiff in Paragraph 19.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendants with respect to:

a.  liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b.  liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c.  liability based on Settling Defendants' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree;

d.  liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site;

e.  criminal liability; and

f.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

9

## X. **COVENANTS BY SETTLING DEFENDANTS**

21. <u>Covenant Not to Sue by Settling Defendants</u>. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs, Site Access, and this Consent Decree, including but not limited to:

      a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.  any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, or arising out of Site Access, including any claim under the United States Constitution, the Constitution of the State of New Jersey, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

      c.  any claim against the United States, including any department, agency, or instrumentality of the United States, pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

22. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

23. Except as to the existing parties in this matter, Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

24. The waiver in Paragraph 23 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

      a.  that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the

10

Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

        b.  that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION

    25.  Except as provided in Paragraphs 23 and 24 (Non-Exempt De Micromis Waiver), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Paragraphs 23 and 24 (Non-Exempt De Micromis Waiver), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. 9613 § (f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

    26.  The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicial settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. §§ 9613(f)(2), and that each Settling Defendant is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs and penalties sought in the Complaint.

    27.  Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it.  In addition, in any matter other than this matter, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

    28.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent

proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII. ACCESS

29. Owner Settling Defendants shall, commencing on the Effective Date, provide the United States, and its representatives, contractors, and subcontractors, with access at all reasonable times to the Site, or such other real property, to conduct any activity relating to response action at the Site, including, but not limited to, the following activities:

(1) Monitoring, investigation, removal, remedial or other activities at the Site;

(2) Verifying any data or information submitted to the United States;

(3) Conducting investigations regarding contamination at or near the Site;

(4) Obtaining samples;

(5) Assessing the need for, planning, or implementing response actions at or near the Site;

(6) Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Owner Settling Defendant or its agents, consistent with Section XII (Access to Information);

(7) Assessing compliance by Owner Settling Defendant;

(8) Determining whether the Site or other real property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted under the Consent Decree; and

(9) Implementing, monitoring, maintaining, reporting on, and enforcing any Institutional Controls.

30. Notwithstanding any provision of the Consent Decree, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

31. To the extent that the access provisions in Administrative Order on Consent Index Number CERCLA-02-2004-2022 between the EPA and SB Building Associates, Limited Partnership, effective 9/14/04, are inconsistent with the access provisions in Section XII of this Consent Decree, the access provisions of this Consent Decree will be controlling.

## XIII.  ACCESS TO INFORMATION

32.  Settling Defendants shall provide to EPA, upon request, copies of all records, reports, or information (including records, reports, documents and other information in electronic form)  (hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Site.

33.  Confidential Business Information and Privileged Documents.

a.  Settling Defendants may assert business confidentiality claims covering part or all of the Records submitted to Plaintiff under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b).  Records determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

b.  Settling Defendants may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Settling Defendants assert such a privilege in lieu of providing Records, they shall provide Plaintiff with the following:  1) the title of the Record; 2) the date of the Record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the Record; and 6) the privilege asserted.  If a claim of privilege applies only to a portion of a Record, the Record shall be provided to Plaintiff in redacted form to mask the privileged information only.  Settling Defendants shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor.  However, no Records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld from the United States on the grounds that they are privileged or confidential.

34.  No claim of confidentiality or privilege shall be made with respect to any data, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XIV.  RETENTION OF RECORDS

35.  Until 10 years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all non-identical copies of Records now in its possession or control, or that come into its possession or control, that relate in any manner to response actions taken at the Site

or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

36. After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such Records to EPA. Settling Defendants may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: 1) the title of the Record; 2) the date of the Record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of the Record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the Record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a Record, the Record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all Records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no Records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged or confidential.

37. Each Settling Defendant certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

38. Each Settling Defendant certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

      a. not altered, mutilated, discarded, destroyed or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since the earlier of notification of potential liability by the United States or the filing of suit against it regarding the Site, and that it has fully complied with any and all EPA requests for information regarding the Site and Settling Defendant's financial circumstances, including but not limited to insurance and indemnity information, pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

      b. submitted to EPA financial information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time Settling Defendant executes this Consent Decree; and

       c.  fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

## XV.  NOTICES AND SUBMISSIONS

      39.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Written notice as specified in this Section shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants, respectively.

As to the United States:

      As to DOJ:

      Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
      U.S. Department of Justice (DJ # 90-11-3-09425)
      P.O. Box 7611
      Washington, D.C.  20044-7611

      As to EPA:

      Algro Knitting Mills Site Attorney
      New Jersey Superfund Branch
      U.S. Environmental Protection Agency, Region II
      290 Broadway, 17th Floor
      New York, NY  10007-1866

      and

      Algro Knitting Mills On-Scene Coordinator
      U.S. Environmental Protection Agency, Region II
      290 Woodbridge Ave.
      Mailcode: MS211
      Edison, NJ  08837-3679

As to Settling Defendants, Guarantor, and Judgment Lien Gurantor:

      Lawrence S. Berger
      Berger and Bornstein
      237 South Street, P.O. Box 2049
      Morristown, NJ  07962-2049

## XVI.  **RETENTION OF JURISDICTION**

40.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVII.  **INTEGRATION/APPENDICES**

41.  This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree: "Appendix 1" is the Payment Schedule; "Appendix 2" is the Judgment Lien.

## XVIII.  **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

42.  This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice or proceedings.

43.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.  **SIGNATORIES/SERVICE**

44.  Each undersigned representative of a Settling Defendant, the Guarantor, and the Judgment Lien Guarantor and the Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

45.  Each Settling Defendant, the Guarantor, and the Judgment Lien Guarantor agrees not to withdraw from or oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants, the Guarantor, and the Judgment Lien Guarantor in writing that it no longer supports entry of the Consent Decree.

46.  Each Settling Defendant, the Guarantor, and the Judgment Lien Guarantor shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants and the Judgment Lien Guarantor hereby agree to accept service in that manner and to waive the formal service requirements set forth in

Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XX.  **FINAL JUDGMENT**

47.  Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States, the Settling Defendants, and the Judgment Lien Guarantor.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 23rd DAY OF June , 20 11 .

Anne E. Thompson
United States District Judge

17

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298 (AET/LHG), relating to the Algro Knitting Mills Superfund Site.

FOR THE UNITED STATES OF AMERICA

Date: _May 9, 2011_

ELLEN MAHAN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

BRADLEY L. LEVINE, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 761, Ben Franklin Station
Washington, DC  20044-7611
(202) 514-1513
bradley.levine@usdoj.gov

PAUL J. FISHMAN
United States Attorney
District of New Jersey

SUSAN STEELE
Assistant United States Attorney
District of New Jersey
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ  07102
(973) 645-2920

18

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

Date: MAy 9, 2011

WALTER MUGDAN, Director
Emergency and Remedial Response Division
U.S. Environmental Protection Agency, Region II
290 Broadway
New York, New York 10007

19

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298 (AET/LHG), relating to the Algro Knitting Mills Superfund Site.

FOR DEFENDANT
SB Building Associates, Limited Partnership
By: United States Land Resources, L.P., general partner
    By: United States Realty Resources, Inc., general partner

Date: ___4 / 19 / 4___          By: _____
                                Lawrence S. Berger, President

20

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298 (AET/LHG), relating to the Algro Knitting Mills Superfund Site.

FOR DEFENDANT
SB Building GP, L.L.C.
By: United States Land Resources, L.P., Manager
   By: United States Realty Resources, Inc., general partner

Date: ____4/19/11____   By: _____
           Lawrence S. Berger, President

21

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v.
SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298
(AET/LHG), relating to the Algro Knitting Mills Superfund Site.

FOR DEFENDANT
United States Land Resources L.P.
By: United States Realty Resources, Inc., general partner

Date: ___4/19/11___        By: _____
                           Lawrence S. Berger, President

22

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298 (AET/LHG), relating to the Algro Knitting Mills Superfund Site.

FOR DEFENDANT
United States Realty Resources, Inc.

Date: ___4/19/11___         By: _____
                           Lawrence S. Berger, President

23

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298 (AET/LHG), relating to the Algro Knitting Mills Superfund Site.

> AS GUARANTOR FOR DEFENDANTS
> SB Building Associates, Limited Partnership;
> SB Building GP, L.L.C.;
> United States Land Resources, L.P.;
> United States Realty Resources, Inc.; and
> 7.04 Acres of Land, More or Less, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey

Date: ___4/19/11___      _____

> Lawrence S. Berger

24

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of United States v. SB Building Associates, Limited Partnership, et al., Civil Action No. 3:08-cv-05298 (AET/LHG), relating to the Algro Knitting Mills Superfund Site.

FOR JUDGMENT LIEN GUARANTOR
SB Milltown Industrial Holdings, L.L.C.

Date: _May 20, 2011_                   _____

Lawrence S. Berger

25

APPENDIX 1
TO
CONSENT DECREE AMONG THE UNITED STATES
AND
SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP, SB BUILDING GP, L.L.C.,
UNITED STATES LAND REOURCES, L.P., and UNITED STATES REALTY RESOURCES
INC.

Payment Schedule

| | | |
|---|---|---|
| Payment 1: | Due 30 days after entry of the Consent Decree: | $50,739.73 |
| Payment 2: | Due 132 days after entry of the Consent Decree: | $52,095.89 |
| Payment 3: | Due 234 days after entry of the Consent Decree: | $51,676.71 |
| Payment 4: | Due 336 days after entry of the Consent Decree: | $51,257.53 |
| Payment 5: | Due 438 days after entry of the Consent Decree: | $50,838.36 |
| Payment 6: | Due 540 days after entry of the Consent Decree: | $50,419.18 |

APPENDIX 2
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br><br>SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP,<br>SB BUILDING GP, L.L.C., UNITED STATES LAND<br>RESOURCES, L.P., UNITED STATES REALTY<br>RESOURCES INC.,<br><br>  and<br><br>7.04 ACRES OF LAND, More or Less, located within<br>Block 58, Lot 1.03 of 2 to 130 Ford Avenue, Milltown,<br>Middlesex County, New Jersey,<br><br>    Defendants. | Civil Action No. 3:08-CV-5298 (AET/LHG)<br>JUDGMENT LIEN |
| SB BUILDING ASSOCIATES, LIMITED PARTNERSHIP,<br>SB BUILDING GP, L.L.C., UNITED STATES LAND<br>RESOURCES, L.P., UNITED STATES REALTY<br>RESOURCES INC.,<br><br>    Defendants/Third-Party Plaintiffs,<br>  v.<br><br>ENVIRO-SCIENCES (OF DELAWARE), INC.<br><br>    Third-Party Defendants. | |
| ENVIRO-SCIENCES (OF DELAWARE), INC.,<br>    Fourth-Party Plaintiff,<br>  v.<br><br>ONYX ENVIRONMENTAL SERVICES, L.L.C.,<br>VEOLIA ES TECHNICAL SOLUTIONS, L.L.C., and<br>JOHN DOE 1-10, said names being fictitious,<br><br>    Fourth-Party Defendants. | |

## JUDGMENT LIEN

    WHEREAS, on the ___ day of _____, 2011, the United States District Court for the

District of New Jersey approved a consent decree ("Consent Decree") entered into by the

Plaintiff United States of America ("United States"), Defendants SB Building Associates,

Limited Partnership, SB Building GP, L.L.C., United States Land Resources, L.P., and United States Realty Resources, Inc., and 7.04 Acres of Land, More or Less, located within Block 58, Lot 1.03 of 2 through 130 Ford Avenue, Milltown, Middlesex County, New Jersey ("Settling Defendants"), Lawrence S. Berger as guarantor ("Guarantor"), and SB Milltown Industrial Holdings, L.L.C. as a judgment lien guarantor ("Judgment Lien Guarantor"), a copy of which is attached hereto as Exhibit A.

WHEREAS, the Consent Decree requires that if Settling Defendants and the Guarantor fail to fully satisfy any payment and/or penalty obligations in Paragraph 5 (Payment of Past Response Costs and Penalty to EPA), Paragraph 8 (Interest on Late Payments), Paragraph 9 (Accelerated Payment), and Paragraph 10 (Stipulated Penalties) of the Consent Decree when said obligation becomes due, the United States shall be entitled to enforce the judgment lien for amounts owed.

THEREFORE, Judgment Lien Guarantor SB Milltown Industrial Holdings, L.L.C. hereby records this Judgment Lien in favor of the United States with respect to the parcel of property, described in Paragraph 4.k. of the Consent Decree (Exhibit A) and the property description attached hereto as Exhibit B, in the amount of $350,000 plus interest, the obligation as set forth in the Consent Decree.

Dated this 19 day of April , 2011

_____
FOR SB Milltown Industrial Holdings, L.L.C.
Lawrence S. Berger

Exhibit A
[Include Consent Decree here when filing judgment lien]

Exhibit B
Property Description

ALTA Plain Language Commitment (2006)

# SCHEDULE "C"

File No.: **3471-1674443-PRC**

Commitment No.: **3471-1674443-PRC**

Real property in the Borough of Milltown, County of Middlesex, State of New Jersey, described as follows:

BEGINNING at a point formed by the intersection of the southeasterly line of Ford Avenue with the northeasterly line of Clay Street; and running thence

1) Along the said southeasterly line of Ford Avenue, North 57 degrees, a 5 minutes East, 279.56 feet to land now or formerly of Mary Kohlepp; thence

2) Along said land South 32 degrees, 45 minutes East, 125 feet to a point; thence

3) Still along the same North 57 degrees, 15 minutes East, 120 feet to a point; thence

4) South 32 degrees, 45 minutes East, 11.80 feet to a point; thence

5) North 57 degrees, 15 minutes East, 8 feet thence

6) South 32 degrees, 45 minutes East, 38 feet; thence

7) North 57 degrees, 15 minutes East, 18 feet; thence

8) South 32 degrees, 45 minutes East, 186.77 feet to a point; thence

9) South 57 degrees, 15 minutes West, 262.52 feet to a point; thence

10) South 32 degrees, 50 minutes East and along a line of equi-distant between Building Nos. 8 and 9 as shown on "Survey of Property of Michelin Tire Co., Milltown, N.J., dated November 21, 1928", 224.06 feet to a point; thence

11) South 1 degree, 56 minutes West, 119.16 feet to the northerly line of mill Pond; thence

12) In a general westerly direction along said Mill Pond and Lawrence Brook to the termination of the seventh course as set forth in a deed bearing date of December 21, 1945 by Alsol Corporation to A.G. Realty Corporation; thence

13) Along said seventh course North 57 degrees, 15 minutes East, 1058.04 feet to a point in the center line of the existing railroad tracks partly upon the premises herein described and partly upon the premises adjoining to the North; thence

14) North 32 degrees, 45 minutes West, 277.57 feet to a spike in the center of Clay Street; thence

15) North 57 degrees, 15 minutes East, 25 feet to the northeasterly line of Clay Street; thence

16) North 32 degrees, 45 minutes West, 84 feet to the point and place of BEGINNING.

NOTE: For Informational Purposes Only: Being Lot 1.02, Block 58, Tax Map of the Borough of Milltown, County of Middlesex.

First American Title Insurance Company