NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civ. No. 08-5298 |
| v. | |
| SB BUILDING ASSOCIATES, Limited Partnership, et al., | OPINION |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court on the motion of Plaintiff the United States of America to enforce a consent decree against Defendants SB Building GP, L.L.C., United States Land Resources, L.P., and United States Realty Resources, Inc.[1] (hereinafter, "Defendants"), (Doc. No. 110), and the cross-motion of Defendants to alter the judgment, (Doc. No. 118). The Court has issued the Opinion below based upon the written submissions and oral argument held on May 14, 2014. (Doc. Nos. 117, 119, 124, 130, 131). For the reasons set forth below, the Court will grant Defendants' motion, (Doc. No. 118), and will grant Plaintiff's motion to the extent that the Consent Decree will be enforced as modified, (Doc. No. 110).

BACKGROUND

The two motions before the Court stem from the cleanup and disposal of hazardous material. In April 2004, the EPA notified Defendants that, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. 9601, *et* seq., they were responsible for certain hazardous materials found on their property. (Doc. No. 117 at 2).

---

[1] Defendant S.B. Building Associates, L.P., which has filed for bankruptcy protection, is also party to the Consent Decree. However, Plaintiff does not seek a judgment against S.B. Building Associates in this action. *See United States v. Nicolet, Inc.*, 857 F.2d 202, 207-08 (3d Cir. 1988).

1

Defendants paid an environmental cleanup organization roughly $100,000 to remove these materials. (Doc. No. 117 at 2). The removal was completed on April 13, 2005. (*Id*.).

After the cleanup, the EPA demanded payments for expenses it incurred in the cleanup and for Defendants' failure to comply with certain demands, such as a failure to provide proper documentation. (Doc. No. 1 at 13). The parties negotiated a consent decree regarding these costs, and the Court approved the Consent Decree on June 24, 2011. (Doc. No. 103).

The Consent Decree required Defendants to pay $300,000 plus three percent accrued interest in six installments. (Doc. No. 103, Consent Decree at para. 5). The Decree also contemplated penalties for late or non-payment. Under the terms of the Decree, if Defendants failed to make any payment by its respective due date, Defendants would have to immediately pay $350,000 and all of the accrued interest. (*Id.* at paras. 5, 9). The Decree also imposed additional penalties for each day the payment was late and held Defendants jointly and severally liable for any costs.[2] (*Id*. at para. 10).

Defendants made the first two payments on time. However, the third payment was 29 days late. (Doc. No. 110-1 at para. 7). Under the terms of the Consent Decree, this late payment should have ended the payment plan and triggered an immediate obligation to pay the $350,000 and interest. (*See* Doc. No. 103). However, Defendants went on to make the fourth payment, and it appears that the Government did not try to collect a penalty at this time. (*See* Doc. No. 110 at 2).[3] The fifth payment was 104 days late. On December 17, 2012, the sixth and final

---

[2] $750 per day for the first thirty days the payment was late, $1,000 per day for days 31 to 60, and $1,500 per day from day 61 on. (*Id*. at para. 10).

[3] Plaintiff claims that the March 13, 2012 failure to pay could have been treated as the triggering event. (*Id*.). However, in its motion, Plaintiff chose December 18, 2012 as the date from which it should calculate the penalty and interest instead.

payment of $43,832.86 became due. (*Id*. at 2). Defendants have not paid any amount toward the sixth payment at this time. (*Id*.).

Based on the December 17, 2012 due date, Defendants would jointly and severally owe $770,044 on the original return date of this motion. Defendants have moved for modification of the judgment on the grounds that enforcement of the Decree after the operation of the penalty provision would be inequitable.

DISCUSSION

"[B]y signing a consent decree, signatories make a 'free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment.'" *Democratic Nat'l Comm. v. Republican Nat'l Comm.,* 673 F.3d 192, 201 (3d Cir. 2012) (quotations omitted). Modification is not available "merely because it is no longer convenient for a party to comply with the consent [decree]." *Id*. at 202 (citations omitted). However, "Federal Rules of Civil Procedure 60(b)(5) and (6) authorize a Court to relieve the signatory from a consent decree when 'applying it prospectively is no longer equitable,' or for 'any other reason that justifies relief.'" *United States v. Alsol Corp.*, CIV.A. 09-3026 JLL, 2014 WL 1891352 (D.N.J. May 9, 2014). A party seeking such relief must demonstrate why enforcement of the consent decree would be inequitable. Fed.R.Civ.P. 60(b) (5)-(6).

1. **Federal Rule of Civil Procedure 60 (b)(5)**

A court can modify a consent decree under Federal Rule of Civil Procedure 60(b)(5) if "applying it prospectively is no longer equitable . . . ." Fed.R.Civ.P. 60(b)(5). "[A] party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates of Suffolk Cnty. Jail,* 502 U.S. 367, 383 (1992). The Supreme Court has noted that a party, generally, must show at

least one of the following by a preponderance of the evidence: "(1) a significant change in factual conditions; (2) a significant change in law; (3) that '[the] decree proves to be unworkable because of unforeseen obstacles'; or (4) that 'enforcement of the decree without modification would be detrimental to the public interest.'"  *Democratic Nat'l Comm.,* 673 F.3d at 202 (citing *Rufo*, 502 U.S. at 383.  However, the Third Circuit has held that the Supreme Court's ruling only "provides a general interpretation of Rule 60(b)(5);" "it does not provide a 'universal formula' for deciding when applying a decree prospectively is no longer equitable."  *Id.*

Therefore, when deciding whether to vacate or modify a consent decree, a court should also "respond to the specific set of circumstances before it by considering factors unique to the conditions of the case."  *Id.* (citing *Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL-CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir. 1995)).  Examples of additional factors include: (1) the circumstances leading to the entry of the decree; (2) the nature of the conduct the decree sought to prevent; (3) the length of time since entry of the decree; (4) whether the party subject to the decree's terms has attempted to comply in good faith with it; and (5) the likelihood that the conduct or conditions the decree sought to prevent will recur absent the decree.  *Id.*  "In weighing these factors, 'the court must balance the hardship to the party subject to the injunction against the benefits to be obtained from maintaining the injunction' and the court should also 'determine whether the objective of the decree has been achieved.'"  *Id.*

Here, Plaintiff contends that a $770,044 judgment in response to the failure to make a payment of $43,832.86 would be "overwhelming" and that the Consent Decree "should be modified . . . because of SB's deteriorated financial position and the public interest in seeing the Site redeveloped."  (Doc. No. 117 at 7).

First, Defendants claim that the change in factual circumstances makes the decree unreasonable. The first change is the bankruptcy of S.B. Building Associates, a party to the Consent Decree. However, Defendants do not show the extent to which the bankruptcy of this one entity affects Defendants' ability to pay as a whole. Defendants also show that they have incurred expenses due to costly state court litigation concerning development of the Site, decreasing their ability to satisfy this judgment. (*Id*. at 6). While litigation may have imposed a financial burden, Defendants supplied insufficient evidence that the costs of this litigation alone cause a "significant" change in factual circumstances. *See United States v. Alsol Corp.*, CIV.A. 09-3026 JLL, 2014 WL 1891352 (D.N.J. May 9, 2014) (requiring proof of a "significant" change).

Next, Defendants also claim that enforcement of the Consent Decree is detrimental to the public interest. Defendants argue that the public has an interest in seeing this property redeveloped and that a heavy fee will prevent the re-development of this property. However, the public also has a strong interest in the "vigorous enforcement" of consent decrees, *New Jersey Dept. of Envtl. Prot. V. Gloucester Envtl. Mgmt. Servs. Inc.*, No. 84-01952, 2005 WL 1129763, *13 (D.N.J. May 11, 2005), and in the finality of judgments, *Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL-CIO v. N.L.R.B.*, 64 F.3d 880, 888 (3d Cir. 1995).

Defendants also contend that the specific circumstances of this case justify modification. First, Defendants argue that the circumstances leading to the entry of the decree and the nature of the conduct punished by the decree do not merit such a high penalty. The original fines stem primarily from a failure to pay cleanup associated costs and provide proper documentation, not from Defendants' own acts of pollution or failure to clean up the hazard. Defendants removed and disposed of the hazardous material in 2005, (Doc. No. 117 at 6), and Defendants submitted

5

documentation that the property was cleaned pursuant to the Consent Decree.  Similarly, Defendants claim that modifying this decree will not encourage Defendants to engage in future environmental violations.  *Bldg. & Const. Trades Council of Philadelphia & Vicinity, AFL-CIO*, 64 F.3d at 888 (likelihood that conduct consent decree sought to prevent will recur is significant).  The penalties were imposed primarily due to improper documentation, late payment, and the monitoring costs of the cleanup and had only a slight "retributive objective."  *Compare* (Doc. Nos. 1, 103) *with* (*United States v. Alsol Corp.*, CIV.A. 09-3026 JLL, 2014 WL 1891352 (D.N.J. May 9, 2014) (finding retributive objective of consent decree designed to punish defendants for refusing to provide EPA access to the site significant).  In this case, Defendants have already cleared the property of the hazard that spurred the litigation, and the imposition of additional penalties will not lead to any improvements on that property.  Finally, the record shows that the amount owed under the Consent Decree increased rapidly over a short period of time.  Defendants made five of the six required payments.  However, Defendants' obligation under the Consent Decree increased from $43,832.86 to $770,044.00 within less than sixteen months after they failed to make the final payment.

  The record shows that the specific circumstances of this case call for modification of the consent decree.  The public and the EPA, in particular, have a strong interest in the finality of judgments and the enforcement of consent decrees.  However, the enforcement of the $770,044.00 judgment in response to a failure to pay $43,832.86 will impose a burden on Defendants that outweighs the benefits of enforcing this specific judgment.  For the reasons set forth above, the Court will grant Defendants' motion for modification of the Consent Decree.

  After a moving party has established that the circumstances warrant modification, "the district court should determine whether the proposed modification is suitably tailored to the

changed circumstance." *Rufo,* 502 U.S. at 391, 112 S. Ct. 748. "A court should not try to modify a consent order except to make those revisions that equity requires, given the change in circumstances." *Democratic Nat. Comm.*, 673 F.3d at 203. After considering the circumstances of this case and the revisions required by equity, the Court finds that the amount due under the Consent Decree will be $125,000.

### 2. Enforcement of the Consent Decree

Plaintiff moves the Court to enforce the Consent Decree on the grounds that Defendants have failed to pay as required by the Consent Decree. There is no dispute that Defendants have failed to pay the amount demanded under the Consent Decree in time.

Therefore, the Consent Decree will be enforced with the modification that Defendants owe $125,000.

### CONCLUSION

For the reasons set forth above, Defendants' motion to modify will be granted, and Plaintiff's motion will be granted to the extent that the modified Consent Decree will be enforced.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: 6/16/14